UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNI VEST CORP., LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KATIE HARMON AND JOHNNY ACEVEDO,<br><br>    Defendants, | No. 2:25-cv-01114-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendant Katie Harmon and Johnny Acevedo's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

///

///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2025, Plaintiff Omni Vest Corp. LLC ("Plaintiff") brought an action for unlawful detainer against Defendants in Sacramento Superior Court for possession of real property known as 3829 Marconi Avenue, #68, Sacramento, California 95821 (the "Property"). (ECF No. 1 at 5.) On February 13, 2025, Defendants filed a Notice of Removal. (*Id.* at 1.)

### II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. See 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III.     ANALYSIS

Defendants argue in their notice of removal that this action involves a federal question. (ECF No. 1 at 2.) Specifically, Defendants contend Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and the Due Process Clause of the Fourteenth Amendment. (*Id.* at 2–3.) However, under the "well-pleaded complaint rule," a

suit only "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be established on an actual or anticipated defense or counterclaim. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, because the Complaint only sets forth an unlawful detainer claim, which is a matter of state law, no federal question jurisdiction exists. *Kim v. Krietz*, No. 2:21-CV-00251-TLN-JDP, 2021 WL 1081130, at *2 (E.D. Cal. Feb. 11, 2021) (finding similarly). Moreover, the amount in controversy does not exceed $75,000 so there are also no grounds for diversity jurisdiction. *See* 28 U.S.C. § 1332. Given the lack of federal subject matter jurisdiction, it is appropriate for the Court to *sua sponte* remand this case. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Date: April 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3